```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 08-21527-CIV-ALTONAGA
                                 (97-155-CR-MIDDLEBROOKS)
                         MAGISTRATE JUDGE P.A. WHITE
```

LAZARO ROBBIO,                     :

    Movant,                    :     <u>REPORT RE DISMISSAL</u>
                                        <u>FOR FAILURE TO OBTAIN</u>
v.                                 :     <u>AUTHORIZATION PURSUANT TO</u>
                                        <u>28 U.S.C. §2244(b)(3)</u>
UNITED STATES OF AMERICA,          :

    Respondent.               :
_____

The pro-se petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, attacking his conviction/sentence in case no. 97-155-Cr-Middlebrooks following a jury verdict of guilty for various robbery and gun related charges. This petition is, in legal effect a successive motion to vacate in pursuant to 28 U.S.C. §2255.[1] On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior

---

[1] A motion to vacate is the proper vehicle to challenge the validity of a conviction or sentence. See 28 U.S.C. §2255. <u>Caravalho v Pugh</u>, 177 F.3d 1177(10th Cir. 1999).A writ of habeas corpus may only be used when the petitioner has demonstrated remedies available under §2255 are ineffective or unavailable. In this case, where the petitioner is attempting to circumvent the requirements of filing a successive motion, he has failed to made the requisite showing. See <u>Wofford v. Scott</u>, 177 F.3d 1236(11 Cir. 1999).

> application for a writ of habeas corpus except as provided in section 2255.

> \* \* \*

> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

> \* \* \*

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The petitioner filed two prior motions to vacate attacking his conviction in case no. 97-155-cr-Middlebrooks. The initial motion, assigned case No. 04-22321-civ-Middlebrooks was denied on April 28, 2005. The petitioner appealed the denial of his motion to vacate, and the Eleventh Circuit Court of Appeals declined to issue a certificate of appealability, entered on February 3, 2006, Case No. 05-12848, for failure to make a substantial showing of a denial of a constitutional right. The petitioner then filed a petition in case no. 07-21653-Civ-Middlebrooks which was dismissed without prejudice. The Eleventh Circuit Court of Appeals dismissed the appeal on October 24, 2007.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

The petitioner is confined in the United States Penitentiary at Atwater, California. If this petition were to be construed pursuant to §2241, it might be recommended that this case be transferred to that venue. However, as this petition is clearly a successive motion to vacate, it is therefore recommended that this case be dismissed.

3

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this <u>2nd</u> day of June, 2008.

                                            UNITED STATES MAGISTRATE JUDGE

cc:    Lazaro Robbio, <u>Pro Se</u>
        Reg. No.50047-004
        FCI-Atwater California
        Address of Record